IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LANNIE BLAINE SIMPSON,           )
                                 )
            Plaintiff,           )
                                 )
    v.                           )      1:08cv455
                                 )
DR. SAMI HASSAN, et al.,         )
                                 )
            Defendants.          )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court for a recommended ruling on Defendant Dr. Sami Hassan's motion for summary judgment. (Docket Entry 53.) For the reasons that follow, Defendant's summary judgment motion should be granted.

*BACKGROUND*

Plaintiff, a prisoner of the State of North Carolina, filed this action pursuant to 42 U.S.C. § 1983 on July 11, 2008. (Docket Entry 2.) In the complaint, Plaintiff alleges that Dr. Hassan, the prison doctor at Albemarle Correctional Institution ("ACI") was deliberately indifferent to Plaintiff's back condition. Plaintiff alleges that he underwent back surgery performed by a specialist, Dr. Kenneth Price, who prescribed various post-operative medications. (Compl. at 2, Docket Entry 2.) Plaintiff alleges that Defendant Hassan did not prescribe the exact same medications as recommended by Dr. Price. (*Id.* at 3.) Plaintiff contends that immediately following his surgery, Defendant Hassan decreased Plaintiff's pain medication and ordered Plaintiff to stop using his wheelchair or Dr. Hassan would discontinue his medication altogether. (*Id.*)

Plaintiff alleges that when he tried to walk, he fell in the medicine line. (*Id.*) Plaintiff further alleges that Dr. Hassan was called but that he just told prison staff to return Plaintiff to his dorm and did not come to examine Plaintiff. (*Id.*) At the time the complaint was filed, Plaintiff alleges that he was taking Methadone, "a type drug that is to be increase[d] gradually to achieve the desired effect to relieve pain." (*Id.*) Plaintiff alleges that Defendant Hassan refused to follow the protocol for the drug, and that Plaintiff was forced to file grievances against the medical department for not following the specialist's orders. Plaintiff goes on to allege that Defendant Hassan retaliated against him for filing grievances by reducing Plaintiff's pain medication. (*Id.* at 3-4.)

Plaintiff alleges that Dr. Price re-examined him and recommended referral to a pain clinic. (*Id.* at 5.) Plaintiff contends that his back condition was painful and confined him to a wheelchair. (*Id.*) Plaintiff believes that he was not referred to a pain clinic die to Department of Corrections ("DOC") budgetary reasons. (*Id.*)

Plaintiff alleges that he is a qualified disabled person under the Americans with Disabilities Act (ADA) and that Defendant discriminated against him by not giving him the medical care a qualified specialist had prescribed and/or recommended. (*Id.*) Plaintiff seeks injunctive relief ordering the DOC, including Defendant Hassan, to schedule Plaintiff to be seen by Dr. Price or a qualified spine surgeon, and further ordering DOC medical staff to follow all orders, protocols and recommendations of specialists. (*Id.*) Plaintiff also seeks reimbursement of his filing fees, postage, and others fees associated with this action and he seeks to be awarded medical gain time. (*Id.*)

2

On February 15, 2013, Defendant Hassan filed the instant motion for summary judgment. (Docket Entry 53.) On February 20, 2013, a "Roseboro Letter"[1] was sent to Plaintiff at the address on file with the Court (at ACI), informing Plaintiff that a dispositive motion had been filed and advising him of the consequences of failing to respond. (Docket Entry 56.) A second letter was mailed to Plaintiff on March 26, 2013, advising him that no response had been filed and that the matter would be referred to the Court on April 12, 2013, for consideration on the unopposed motion. (Docket Entry 57.) Plaintiff did not file a response.

*DISCUSSION*

Because Plaintiff "fail[ed] to file a response [to Defendants' summary judgment motion] within the time required by [this Court's Local Rules], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice. M.D.N.C. R. 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession).[2] The possibility that Plaintiff failed to receive Defendant Hassan's instant motion does not affect the propriety of the Court summarily granting summary judgment based on Plaintiff's failure to respond. *See Irabor v. O'Neel*, No.

---

[1] A notice sent pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advises a *pro se* plaintiff of his right to file responses to dispositive motions filed by defendants.

[2] Plaintiff's status as a pro se litigant does not excuse his inaction. "As the United States Supreme Court observed in *McNeil v. United States*, 508 U.S. 106, 113 (1993), '[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.' Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Dewitt v. Hutchins*, 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004) (internal parallel citations and second set of internal quotation marks omitted).

3

A3-97-60, 1998 WL 1780650, at *1 (D.N.D. March 10, 1998) (unpublished) ("One who does not keep the Court advised of his current address should not thereby be able to foreclose an opposing party from taking full advantage of the procedures which the Rules allow, for example as here, obtaining rulings on motions . . . for summary judgment.") (internal citation omitted).

Alternatively, a review of the pleadings and evidence in this case shows that Defendant is entitled to summary judgment on Plaintiff's deliberate indifference claim. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* at 832 (internal quotation and citation omitted). A successful Eighth Amendment claim contains two elements: the deprivation must be, objectively, "sufficiently serious," and the prison official must have demonstrated a "deliberate indifference to inmate health or safety." *Id.* at 834.

"Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Rather, the "deliberate indifference" prong requires Plaintiff to make "two showings:"

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the officers *should have* recognized it; they actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official *should have* recognized that his action were inappropriate; the official actually *must have* recognized that his actions were insufficient.

*Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (internal citations and quotation marks omitted) (emphasis in original). "The subjective component therefore sets a particularly high bar to recovery." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "'Deliberate indifference entails something more than mere negligence. . . .'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Farmer* 511 U.S. at 835). "It requires that a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." *Id.* To constitute deliberate indifference, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).[3] Thus, "mere negligence or malpractice" does not constitute deliberate indifference. *Id.* at 852. Similarly, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

It is well settled, therefore, that a medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *Farmer*, 511 U.S. at 832-35. As with any other Eighth Amendment claim, Plaintiff must demonstrate that the prison doctor acted with a sufficiently culpable state of mind and that the injury inflicted is sufficiently serious. *Shreve*, 535 F.3d at 238.

---

[3] *Miltier* has been overruled by *Farmer* to the extent that it allowed a finding of deliberate indifference upon constructive knowledge, but it is still good law for the proposition cited.

Defendant Hassan has submitted an affidavit in support of the summary judgment motion (Docket Entry 53-1) and he also filed, under seal, a copy of Plaintiff's medical records. (Docket Entry 54.) The Court has reviewed these records. It is unnecessary for the Court to recount each medical appointment or treatment Plaintiff received; the Court adopts the recitation of these facts as put forward by Defendant in his brief in support of summary judgment. (*See* Def.'s Br. at 10-18, Docket Entry 55.) Dr. Hassan's affidavit, together with the medical records, clearly shows that Defendant Hassan rendered extensive and appropriate medical services to Plaintiff over a period of years while Plaintiff was incarcerated at ACI. According to his affidavit, the treatment regimen prescribed by Dr. Hassan was based on his "professional medical judgment developed after many years of medical education, training, and experience, as applied to Plaintiff's specific condition." (Hassan Aff. ¶ 28, Docket Entry 53-1.)

At best, Plaintiff's complaint shows that he disagreed with Defendant Hassan's medical decisions or course of treatment for Plaintiff. However, absent exceptional circumstances, "[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not sufficient to raise an Eighth Amendment claim for the purposes of a Section 1983 action. *United States v. Clawson*, 650 F.3d 530, 537 (4th Cir. 2011) (quoting *Wright v. Collins*, 766 F. 2d 841, 849 (4th Cir. 1985)). The uncontested evidence in the record clearly shows that Defendant Hassan treated Plaintiff according to his professional judgment. Plaintiff therefore has failed to show deliberate indifference on the part of Dr.

6

Hassan. As such, there being no genuine issue of material fact as to Plaintiff's deliberate indifference claim, summary judgment should be granted to Defendant.[4]

Similarly, Plaintiff's ADA claims against Dr. Hassan should be dismissed. The ADA does not "permit an action against individual defendants for retaliation for conduct protected by the ADA." *Baird v. Rose*, 192 F.3d 462, 471-72 (4th Cir. 1999).

*CONCLUSION*

For all these reasons, **IT IS RECOMMENDED** that the court **GRANT** Defendant Hassan's Motion for Summary Judgment. (Docket Entry 53.)

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
August 2, 2013

---

[4] To the extent Plaintiff asserts a claim for retaliation against Defendant Hassan, the record clearly shows that there is no genuine issue as to any material fact demonstrating that Dr. Hassan retaliated against Plaintiff for submitting grievances regarding his medical care at ACI. Plaintiff's unsupported allegations are insufficient to create a genuine issue of material fact. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that bare assertions of retaliation of not establish a claim of constitutional dimensions)