IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LANNIE BLANE SIMPSON, )
)
Plaintiff, )
)
v. ) 1:08CV455
)
DR. SAMI HASSAN, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a motion to dismiss by Defendant North Carolina Department of Corrections ("DOC"). (Docket Entry 65.) Also before the Court is Defendant Billie Martin's motion for summary judgment. (Docket Entry 67.) Plaintiff has not responded to Defendants' motions. For the reasons that follow, the undersigned recommends that Defendants' motions (Docket Entries 65, 67) be granted.

*BACKGROUND*

Plaintiff, a prisoner of the State of North Carolina, filed this action pursuant to 42 U.S.C. § 1983 on July 11, 2008. (Docket Entry 2.) On September 22, 2008, Plaintiff filed an amended Complaint, essentially alleging that the DOC and its medical personnel at Albemarle Correctional Institution ("ACI") were deliberately indifferent to Plaintiff's back condition in violation of the Constitution and the Americans with Disabilities Act (ADA). (*See* Am. Compl., Docket Entry 18-2.) Plaintiff seeks injunctive relief ordering the DOC, and its employees, to schedule Plaintiff to be seen by a doctor or a qualified spine surgeon, and further ordering DOC medical staff to follow all orders, protocols and

recommendations of specialists. (*Id.*) Plaintiff also seeks reimbursement of his filing fees, postage, and others fees associated with this action and he seeks to be awarded medical gain time. (*Id.*)

On February 15, 2013, Defendant Ms. Sami Hassan filed a motion for summary judgment. (Docket Entry 53.) The undersigned recommended that the Court grant Defendant Hassan's motion for summary judgment.[1] (*See* Docket Entry 58.) On November 26, 2013, Defendant DOC filed the instant motion to dismiss (Docket Entry 65) and argued that "[e]ven if Plaintiff stated a claim under the ADA, his release from DOC custody . . . renders his claims for injunctive relief moot.[2]" (*Id.* at 4.) Defendant Martin filed the instant motion for summary judgment, adopting by reference Defendant Hassan's arguments in support of summary judgment and further arguing the issue of mootness. (*See* Docket Entry 67.) On November 27, 2013, two "Roseboro Letters"[3] were sent to Plaintiff at the address on file with the Court (at ACI), informing Plaintiff that dispositive motions had been filed and advising him of the consequences of failing to respond. (Docket Entries 69, 70.) Plaintiff did not file a response. On December 9, 2013, mail directed to Plaintiff at the ACI address he provided to the Court was returned "Undeliverable-Released." (Docket Entry dated December 9, 2013.) To date, Plaintiff has not provided notice of a new address to the Court.

---

[1] This recommendation is currently pending before the district court judge for a final order.
[2] In support of its argument, Defendant cites North Carolina Department of Public Safety's website which indicates that Plaintiff was released on or about May 28, 2013. (*See* http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0371015&searchOffenderId=0371015&listurl=pagelistoffendersearchresults&listpage=1 (last visited July 15, 2014)).
[3] A notice sent pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advises a *pro se* plaintiff of his right to file responses to dispositive motions filed by defendants.

2

## DISCUSSION

Because Plaintiff "fail[ed] to file a response [to Defendants' motions] within the time required by [this Court's Local Rules], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice. M.D.N.C. R. 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession).[4] The possibility that Plaintiff failed to receive Defendants' instant motions does not affect the propriety of the Court summarily granting judgment in favor of Defendants based on Plaintiff's failure to respond. *See Irabor v. O'Neel*, No. A3-97-60, 1998 WL 1780650, at *1 (D.N.D. March 10, 1998) (unpublished) ("One who does not keep the Court advised of his current address should not thereby be able to foreclose an opposing party from taking full advantage of the procedures which the Rules allow, for example as here, obtaining rulings on motions . . . to dismiss, or for summary judgment.") (internal citation omitted).[5]

---

[4] Plaintiff's status as a pro se litigant does not excuse his inaction. "As the United States Supreme Court observed in *McNeil v. United States*, 508 U.S. 106, 113 (1993), '[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.' Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Dewitt v. Hutchins*, 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004) (internal parallel citations and second set of internal quotation marks omitted).

[5] Arguably, Plaintiff's failure to provide an updated address to the Court also constitutes grounds for judgment against him. (*See, e.g., Woltz v. Chater*, No. 95–2539, 1996 WL 23314, at *1 (4th Cir. Jan. 11, 1996) (unpublished; decision without opinion, 74 F.3d 1235) (affirming order from district court "dismissing [plaintiff's] case for want of prosecution and for failing to keep the court informed of his change of address"); *Hibbert v. Apfel*, No. 99CIV4246(SAS), 2000 WL 977683, at *2 (S.D.N.Y. Oct. 23, 2007) (unpublished) ("It is also plaintiff's obligation to inform this Court's Pro Se Office of any change of address . . . . Even though plaintiff did not receive this Court's Order [because it was

Alternatively, Defendant Martin is entitled to summary judgment and Defendant DOC is entitled to dismissal based on grounds of mootness due to Plaintiff's release from custody. Plaintiff's Complaint seeks injunctive relief; thus, "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) ("Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held that the transfer of an inmate . . . to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive . . . ."); *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) ("Plaintiff Clay's prayer for injunctive relief is moot because he has served his sentence and was released . . . ."); *Freeman v. Johnson*, 961 F.2d 211, at *1 (4th Cir. 1992) (unpublished; decision without opinion) (declaratory and injunctive relief claims moot after plaintiff released on parole). To the extent Plaintiff seeks what appears to be the equivalent of "attorney's fees," he has not shown that he is a prevailing party pursuant to 42 U.S.C. § 1988. *Hewitt v. Helms*, 482 U.S. 755, 759 (1987).

---

returned undelivered], defendant may nonetheless prevail on its motion to dismiss for failure to prosecute"); *Sambe v. Gonzales*, No. 9:06CV210, 2006 WL 3751153, at *1 (E.D. Tex. Dec. 15, 2006) (unpublished) ("A pro se prisoner's failure to inform a court of his change of address-and specifically, return of a pro se prisoner's mail to the court, as undeliverable-indicates a failure to meet his obligation to press forward with the litigation and failure to prosecute his case expeditiously.")

4

## *CONCLUSION*

Because Plaintiff failed to respond to Defendants' motions, or alternatively, as a result of his release rendering his injunctive relief claim moot,

**IT IS HEREBY RECOMMENDED** that the court **GRANT** Defendant DOC's motion to dismiss (Docket Entry 65) and **GRANT** Defendant Martin's Motion for Summary Judgment. (Docket Entry 67.)

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
July 16, 2014